**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OPERATING ENGINEERS LOCAL 66, AFL-CIO AND CONSTRUCTION INDUSTRY COMBINED FUNDS, INC., as agent for Board of Trustees of Operating Engineers Local 66 Annuity and Savings Fund, Operating Engineers Construction Industry and Miscellaneous Pension Fund, International Union of Operating Engineers, Operating Engineers Local 66 Welfare Fund and Operating Engineers Local 66, | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| US CROSSINGS UNLIMITED, LLC and MICHAEL LIND, | ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

1.  Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 USC. §1132 and §1145, §404(b) 29 USC. §1104, §406 29 USC. §1106, §409 29 USC. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 USC. §185, in that US Crossings Unlimited, LLC has failed to pay wage deductions and fringe benefit contributions to Plaintiff in violation of a certain collective bargaining agreement entered into with the International Union of Operating Engineers, an employee organization (collectively referred to as the "**Union**").

2. The Plaintiff is the Operating Engineers Local 66 AFL-CIO and Construction Industry Combined Funds, Inc., as agent for and on behalf of Board of Trustees of Operating Engineers Local 66 Annuity and Savings Fund, Operating Engineers Construction Industry and Miscellaneous Pension Fund, Operating Engineers Local 66 Benefit Fund, Operating Engineers Local 66 Welfare Fund and Western Pennsylvania Operating Engineers Joint Apprenticeship and Training Program (collectively "**Funds**").  The Funds conduct the business of the Funds at P.O. Box 38682, Pittsburgh, Allegheny County, Pennsylvania 15238-8682.

3. The Funds are employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC. §1002 (1), (2), (3), (21), §1009(C) (1), (B) and §1132, and bring this action in behalf of the trustees, participants and beneficiaries of such Funds.

4. The trustees of such Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated the Operating Engineers Local 66 AFL-CIO and Construction Industry Combined Funds, Inc. as their agent for the collection of contributions and wage deductions payable to such Funds.

5. Defendant US Crossings Unlimited, LLC ("**Defendant Contractor**") is in the business of operating a pipeline company, with its principal place of business at 40397 National Road, Belmont, Ohio 43718.

6. Defendant Contractor has entered into a labor agreement ("**Agreement**") with the Union pursuant to which such Defendant Contractor was obligated to submit certain monthly payments to Plaintiff Funds for pension, welfare, apprentice, building, annuity, and dues for the benefit of employees covered under such Agreement.

## COUNT I

### Operating Engineers Local 66, AFL-CIO and Construction Industry Combined Funds, Inc. v. US Crossings Unlimited, LLC

### ERISA Collection Action

7. The averments contained in paragraphs 1 through 6 are hereby incorporated by reference herein.

8. In violation of such Agreement, Defendant Contractor has failed to make timely payments of principal contributions and wage deductions to Plaintiff Funds from June 2018 through week ending September 16, 2018, which has resulted in an estimated principal deficiency of $174,664.80. In addition, interest through October 30, 2018 of $509.73 is due and liquidated damages of $336.54 are due to Plaintiff Funds, for a total deficiency of $175,511.07. Interest will continue to accrue after October 30, 2018 at the rate of $57.42 per day.

9. Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Defendant Contractor to the Plaintiff Funds until the termination of this case. Plaintiff Funds estimate that each such monthly report will total at least $62,000.00. If it is determined that employer owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one (1%) percent per month and liquidated damages of five (5%) percent of the amount due, but not less than fifty dollars ($50.00) or more than five hundred dollars ($500.00) per instance. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

10. Plaintiff Funds have demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

11. Pursuant to the Agreements and trust agreements of the Funds, Defendant Contractor is also required to pay Plaintiff Funds attorneys' fees of twenty percent (20%) of the total delinquency, but not less than One Thousand Dollars ($1,000.00). Such fees and expenses total $35,102.21 through October 30, 2018. Plaintiff Funds also claim attorneys' fees of twenty percent (20%) on any additional amounts shown to be due to Plaintiff Funds until

the termination of this case. In the alternative, the amount of such fees may be determined by the Court.

12. Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

13. Plaintiff Funds are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and Agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff, Operating Engineers Local 66, AFL-CIO and Construction Industry Combined Funds, Inc., demands the following relief against said Defendant Contractor:

(a) A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to such agreements, and enjoining Defendant Contractor from disposing of assets; and

(b) For Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff Funds covering all aspects of such Defendant's business operations through the present; and

(c) For the Defendant Contractor to be required, in compliance with the terms of its Agreement, to present for inspection and/or copying all records pertaining to the hours worked by the Defendant Contractor's employees necessary to verify the accuracy of the amounts paid and/or due and owing to the Funds since the last audit conducted by the Funds; and

(d) For a money judgment in favor of Plaintiff Funds and against Defendant Contractor in the sum of $210,613.28, plus such additional amounts shown to be owed to Plaintiff Funds until termination of this case, plus additional interest, liquidated damages, attorneys' fees of twenty percent (20%) of the total amount due and costs of suit; and

(e) For the Court to retain jurisdiction of the case pending compliance with its orders; and

(f) For such other and further relief as the Court may deem just.

## COUNT II

## Operating Engineers Local 66, AFL-CIO and Construction Industry Combined Funds, Inc. v. Michael Lind

### ERISA Breach of Fiduciary Duty Action

14. The averments contained in paragraphs 1 through 13 are hereby incorporated by reference herein.

15. At all times material hereto, Michael Lind served as the sole member and owner Defendant Contractor at the address listed in Paragraph 5.

16. At all times material, Michael Lind was responsible for overseeing the collection of all monies payable to Contractor resulting from the work performed by operating engineers employed under such Agreement.

17. At all times material, Michael Lind was responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions to the Plaintiff Funds.

18. At all times material, Michael Lind also had check signing authority and the right to make decisions as to what obligations and/or payments of Contractor were to be paid and which ones were not to be paid.

19. At the time such fringe benefit contributions became due and payable by Contractor to the Funds, such monies became assets of the Funds.

20. At all times material, Michael Lind was aware of the obligations of Contractor to timely pay fringe benefits to the Funds.

21. At all times material, Michael Lind was aware that Contractor failed to timely pay all required fringe benefits to the Funds.

22. Nevertheless, Michael Lind prioritized payment of corporate expenses that personally benefitted him over payment to the Funds.

23. Based upon the foregoing, Michael Lind constitutes a "fiduciary" under ERISA.

24. Based upon the foregoing, Michael Lind violated his duty of loyalty to the beneficiaries of the Funds.

25. Based upon the foregoing, Michael Lind also breached his fiduciary duties to the Funds by failing to cause Contractor pay to the Plaintiff Funds such contributions once they became due and payable, and is therefore personally liable for all fringe benefits and associated interest, liquidated damages, attorneys' fees and legal costs owed by Contractor to the Funds.

26. The estimated principal contributions owed to the Funds from June 2018 through week ending September 16, 2018 total $162,438.26. In addition, interest through October 30, 2018 of $474.05 is due and liquidated damages of $312.98 are due to Plaintiff Funds for a total deficiency of $163,225.30. Interest will continue to accrue after October 30, 2018 at the rate of $53.40 per day.

27. Plaintiff Funds also claim any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Contractor to the Plaintiff until the termination of this case. Plaintiff Funds estimate that each such monthly report will total at least $57,660.00. If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Contractor to the Funds, interest will be assessed on such principal amounts at one (1%) percent per month and liquidated damages of five (5%) percent of the amount due, but not less than fifty dollars ($50.00) or more than five hundred dollars ($500.00) per instance. In the alternative, Plaintiff

reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

28. Plaintiff Funds have demanded from Michael Lind payment of all such amounts due, but such Michael Lind has neglected and continues to neglect to pay such amounts.

29. Pursuant to ERISA, Contractor and Michael Lind is also obligated to Plaintiff Funds to pay Plaintiff's reasonable attorneys' fees of twenty (20%) percent of the total delinquency or $1,000.00 whichever is greater.  Such fees and expenses total $32,645.06 through October 30, 2018.  Plaintiff also claims attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiff until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiff, Operating Engineers Local 66, AFL-CIO and Construction Industry Combined Funds, Inc., demands that judgment be entered against Michael Lind in the amount of $195,870.35, plus interest from October 30, 2018 at a per diem rate of $53.40, plus legal costs, plus additional charges and fees.

### COUNT III

### Operating Engineers Local 66, AFL-CIO and Construction Industry Combined Funds, Inc. v. Michael Lind

### State Common Law Conversion Action

30. All previous paragraphs are incorporated by reference herein.

31. Pursuant to such Agreement, Michael Lind caused US Crossings Unlimited, LLC to withhold monies from its employees' wages for union dues and legislative funds that were required to be remitted to the Plaintiff Funds.

32. In violation of the Agreement, US Crossings Unlimited, LLC failed to remit such wage deductions to the Plaintiff Funds.

33. At all times relevant to this action, Michael Lind had the authority and the responsibility to remit such employee wage withholdings to the Plaintiff Funds.

34. Michael Lind exercised dominion and control over the employee wage withholdings estimated at $12,226.54, and authorized and/or permitted such monies to be used to pay other purported creditors of US Crossings Unlimited, LLC,

35. Based upon the foregoing, Michael Lind intentionally converted such monies that were rightfully due and payable to the Plaintiff Funds.

36. Plaintiff Funds are also entitled to receive from Michael Lind interest on such late payments ($35.68 through October 30, 2018), plus additional interest from October 30, 2018 of $4.02 per day.

WHEREFORE, Plaintiff, Operating Engineers Local 66, AFL-CIO and Construction Industry Combined Funds, Inc., demands entry of a judgment in its favor and against Michael Lind in the amount of $12,262.22 plus additional interest from October 30, 2018 and costs of suit.

**JURY TRIAL DEMANDED**          TUCKER ARENSBERG, P.C.

/s/ Jeffrey J. Leech
Jeffrey J. Leech
PA I.D. No. 19814
jleech@tuckerlaw.com
Neil J. Gregorio, Esquire
PA I.D. No. 90859
ngregorio@tuckerlaw.com
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiff